**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

RYAN SCOVILLE, )
)
Plaintiff, )
)
v. )
)
UNITED STATES DEPARTMENT )
OF STATE, )
)
Defendant. )

## COMPLAINT

1. Plaintiff RYAN SCOVILLE brings this suit to overturn Defendant UNITED STATES DEPARTMENT OF STATE's ("DEPT. OF STATE") failure to produce records related to ambassadorial nominees after a failure to respond to SCOVILLE's appeal.

## PARTIES

2. The plaintiff in this case is RYAN SCOVILLE, a law professor at Marquette University.

3. Defendant DEPT. OF STATE is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because a plaintiff may always bring suit in the District of Columbia.

## BACKGROUND

6. The Foreign Service Act of 1980 provides that, upon the nomination of an individual to serve in the office of ambassador, the President shall provide to the Senate Foreign Relations Committee a "report on the demonstrated competence of that nominee to perform the duties of the position in which he or she is to serve." 22 U.S.C. § 3944.

7. Commonly known as a "certificate of demonstrated competency," the purpose of such a report is to help the Senate Foreign Relations Committee evaluate a nominee's qualifications for an ambassadorial post in light of his or her linguistic capabilities, knowledge of the political and economic institutions of the country in which he or she has been nominated to serve, and other personal and professional background.

8. In April 2014, the Obama Administration made the decision to publicly disclose certificates of demonstrated competency for all future ambassadorial nominees. *See* Madhani Aamer, "State Dept. will post ambassador qualifications online," April 4, 2014, available at https://www.usatoday.com/story/news/politics/2014/04/04/obama-ambassador-competency-certificates/7305323/ (last accessed on May 17, 2017).

9. DEPT. OF STATE has since released to the public over one hundred certificates in connection with recent ambassadorial nominations.

10. However, DEPT. OF STATE has not released to the public the certificates for any older nominations dating from the enactment of the Foreign Service Act of 1980 to April 2014.

11. For the purpose of academic research aimed at enhancing public understanding of the federal appointments process, SCOVILLE submitted a FOIA request to DEPT. OF STATE on April 16, 2014, asking DEPT. OF STATE to produce certificates of demonstrated

competency for all individuals nominated to the office of ambassador within the period of January 1, 1980 to April 16, 2014.

12. The records that DEPT. OF STATE has yet to provide are critical to SCOVILLE's research.

**SCOVILLE'S FOIA REQUEST**

13. On April 16, 2014, SCOVILLE requested copies of all "certificates of demonstrated competency" created for each ambassadorial nominee to comply with the Foreign Service Act of 1980 (22 U.S.C. § 3944) from January 1, 1980, to present. On April 16, 2017, DEPT. OF STATE acknowledged receipt of his request. A true and correct copy of the April 16, 2014 acknowledgement is attached as Exhibit A.

14. On May 7, 2014, SCOVILLE clarified that his request included any "accompanying documents that the President provides to the Senate Foreign Relations Committee pursuant to the statute." A true and correct copy of his May 7, 2014 email is attached as Group Exhibit B.

15. On May 7, 2014, DEPT. OF STATE responded that the estimated completion date ("ECD") for the request was December 2014. A true and correct copy of the DEPT. OF STATE's May 7, 2014 response is attached as Group Exhibit B.

16. On November 18, 2014, DEPT. OF STATE changed the ECD to May 2015. On May 19, 2015, DEPT. OF STATE changed the ECD to November 2015. On October 21, 2015, DEPT. OF STATE changed the ECD to March 2016. A true and correct copy of the correspondence is attached as Group Exhibit C.

17. On May 29, 2015, DEPT. OF STATE directed SCOVILLE to where he could access a small portion of the requested records (the certificates of competence from January 1, 2013 to July 29, 2013). A true and correct copy of the correspondence is attached as Exhibit D.

18. On December 14, 2015, DEPT. OF STATE produced records responsive to SCOVILLE's request from 2001 through the date of the request. One page of the produced records was subject to "excisions." DEPT. OF STATE stated that the responsive records from 1980 to 2000 (identified by lot numbers) were no longer in its custody and were instead in the custody of the National Archives. A true and correct copy of the communication is attached as Exhibit E.

19. On January 28, 2016, SCOVILLE contacted the National Archives seeking to inspect the records that DEPT. OF STATE said were in its custody. A true and correct copy of the communication is attached as Exhibit F.

20. On February 12, 2016, the National Archives responded stating that DEPT. OF STATE had misinformed SCOVILLE and that the records in question remained in the legal custody of DEPT. OF STATE. A true and correct copy of the communication is attached as Exhibit G.

21. On February 12, 2016, SCOVILLE appealed to DEPT. OF STATE and referenced the response he received from the National Archives. A true and correct copy of the communication is attached as part of Exhibit H.

22. On February 16, 2016, DEPT. OF STATE responded that it initiated an additional search for records. A true and correct copy of the communication is attached as Exhibit I.

23. On January 13, 2017, DEPT. OF STATE confirmed that the records it originally stated were in the custody of the National Archives were in fact still in the DEPT. OF STATE's legal custody. DEPT. OF STATE produced more responsive records (286 documents) for the time period of 1980 to 2000 with some of the pages subject to excisions. It then stated that this

completed the processing of SCOVILLE's request. A true and correct copy of the communication is attached as Exhibit J.

24. On February 1, 2017, SCOVILLE appealed DEPT. OF STATE's decision as DEPT. OF STATE only produced 286 documents for 1980 to 2000, even though over 1,000 people were appointed to the office of ambassador during that time. A true and correct copy of the appeal is attached as Exhibit K.

25. As of the date of filing, DEPT. OF STATE has not issued a decision regarding SCOVILLE's appeal.

**COUNT I – VIOLATION OF FOIA**

26. The above paragraphs are incorporated herein.

27. Defendant DEPT. OF STATE is an agency subject to FOIA.

28. The requested records are not exempt under FOIA.

29. Defendant DEPT. OF STATE has failed to produce all responsive records and respond to SCOVILLE's appeal.

**WHEREFORE,** SCOVILLE asks the Court to:

i. Order DEPT. OF STATE to produce the requested records;

ii. Award SCOVILLE attorney fees and costs; and

iii. Enter any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED,

/s/ Matthew Topic

Attorneys for Plaintiff
LOEVY & LOEVY

Matthew Topic

LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com